## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan

    v.                           Civil No. 23-cv-343-JL

Emile R. Bussiere, Jr.

### REPORT AND RECOMMENDATION

Pro se plaintiff Naseef Bryan, appearing in forma pauperis, filed a complaint (Doc. No. 1) against Emile Bussiere, Jr.  On July 21, 2023, the court granted plaintiff leave to amend his complaint to add factual support for any causes of action he intended to assert against the defendant.  (Doc. No. 3). Plaintiff has timely filed an amended complaint. (Doc. No. 4). The court will therefore complete its preliminary review, in accordance with LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).  As explained more fully below, the amended complaint cures none of the shortcomings of the original.[1]  This case should therefore be dismissed for failure to state a claim upon which relief can be granted.

### Standard of Review

The magistrate judge conducts a preliminary review of

---

[1]In deference to plaintiff's pro se status, the court will consider both the original and amended complaints in its analysis.

pleadings, like Mr. Bryan's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

Plaintiff names Emile R. Bussiere, Jr. as the only defendant, but there are only scant references to the defendant in his filings. For example, and as noted in the court's July 21, 2023, order, in the section of the form complaint captioned "Jurisdiction and Venue," plaintiff states that he is suing Mr. Bussiere "for money and other damages arising from (cause of action) by the defendant, court, stating as follows[.]" Complaint (Doc. No 1) at 2. Next, in his amended complaint,

plaintiff asserts that he has repeatedly "'state[d]' the relief [he has] been seeking which is in the 'position' of the defendant (Emile R. Bussiere) which is the primary agent registered for the specific location. Am. Compl. (Doc. No. 4) at 1. No other facts are alleged with respect to the defendant.

Plaintiff lists four causes of action: 1) Breach of law (listing the First, Seventh Ninth, Tenth and Fourteenth Amendments, as well as the Declaration of Independence); 2) Negligence (listing "the deprivation of rights and redress"); 3) Intentional infliction of emotional distress; and 4) Abuse of Process ("filing motion to dismissed – refusal to produce evidence against future witnesses which led to more implications for the plaintiff.").[2]

Even liberally construing the complaint, see Erickson, 551 U.S. at 94, the court cannot find that Mr. Bryan has stated the minimum facts necessary to allow his claim to proceed. There are no allegations supporting any potential cause of action against the defendant. Accordingly, this case should be dismissed for failure to state a claim.

---

[2]Without explanation, plaintiff has attached to his amended complaint lengthy treatises about colorectal cancer and the Salem witch trials. Am. Compl. (Doc. Nos. 4-1 and 4-2).

## Conclusion

For the foregoing reasons, the district judge should dismiss this case in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.


_____
Andrea K. Johnstone
United States Magistrate Judge

September 29, 2023

cc: Naseef Bryan, Jr., pro se

4